NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| RAYMUNDO FERNANDEZ, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 06-CV-0503 (DMC) |
| CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, POLICE OFFICER SCOTT ROGERS, POLICE OFFICER ANTHONY SCERBO and POLICE OFFICER MIKE GALVEZ, : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants City of Jersey City, Jersey City Police Department, Police Officer Scott Rogers, Police Officer Anthony Scerbo and Police Officer Mike Galvez ("Defendants") pursuant to FED. R. CIV. P. 12 (b)(6). Defendants also move to dismiss pursuant to FED. R. CIV. P. 37 (1) for failure to provide discovery. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

**I.    BACKGROUND**

Plaintiff Raymundo Fernandez was detained at the Hudson Correctional Center in Kearny, New Jersey from June 9, 2005 until his transfer on June 12, 2006. On February 2, 2006, Plaintiff filed a Complaint naming as Defendants the City of Jersey City, Jersey City Police Department,

Police Officer Scott Rogers, Police Officer Anthony Scerbo, Police Officer Mike Galvez and Sergeant Mike McNally.  The Complaint alleges that Defendants used excessive force against him.

On June 2, 2006, Plaintiff filed an Amended Complaint. That Amended Complaint named as Defendants, Oscar Aviles, Director of the Hudson County Correctional Center and Eric Roberts, Deputy Director of the Hudson County Correctional Center.  The Amended Complaint, however, failed to include or incorporate by reference the Defendants and Counts listed in Plaintiff's initial Complaint. That Complaint alleged that the jails' conditions were poor and that Oscar Aviles and Eric Roberts were aware of these conditions, but nonetheless failed to take the requisite remedial action.

On August 7, 2006, the Honorable Katharine S. Hayden granted Plaintiff's application to proceed *in forma pauperis*.  Judge Hayden dismissed the Complaint as to Sergeant McNally and ordered that all remaining claims proceed.  Judge Hayden addressed the deficiencies of Plaintiff's Amended Complaint, specifically his failure to incorporate the parties and counts from his original Complaint into his Amended Complaint.  She ordered Plaintiff to file a second amended complaint within forty-five days from the date of the Order.  Plaintiff failed to file a second amended complaint and the time permitted to do so, pursuant to Judge Hayden's Order, has expired.

On May 4, 2007, Defendants moved to dismiss Plaintiff's Complaint for failure to provide discovery pursuant to FED. R. CIV. P. 37 (1).  On May 23, 2007, Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12 (b)(6).

**II.     STANDARD OF REVIEW: RULE 12 (b)(6) MOTION TO DISMISS**

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atlantic Corp. v. Twombly the Supreme Court clarified the Rule 12 (b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Bell Atl. Corp., 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**III.    DISCUSSION**

As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect. See Int'l Controls Corp. v. Vesco, 556 F.2d 665 (2d Cir. 1977). Once an amended pleading is interposed, the original pleading no longer performs any function in the case unless the amended pleading specifically refers to and adopts or incorporates by reference the earlier pleading. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Furthermore, if an amended complaint omits claims raised in the original complaint, the plaintiff generally has waived those

omitted claims. Id. at 572.

Plaintiff's original Complaint named as Defendants, City of Jersey City, Jersey City Police Department, Police Officer Scott Rogers, Police Officer Anthony Scerbo, Police Officer Mike Galvez and Sergeant Mike McNally. The Complaint alleged that the individual officers used excessive force against him. Plaintiff's Amended Complaint, however, named Oscar Aviles and Eric Roberts, of the Hudson County Correctional Center, as Defendants. The Amended Complaint alleged that the conditions at the jail were poor and that Defendants were aware of the conditions, but failed to take appropriate measures to rectify the condition. Plaintiff's Amended Complaint did not name, incorporate or make reference to the original Complaint. Consequently, Judge Hayden gave Plaintiff an opportunity to cure the defects in the Amended Complaint. Judge Hayden gave Plaintiff an additional forty-five days to file a second Amended Complaint that was complete in itself but Plaintiff has still failed to do so.

Since Defendants are not a party to the instant action pursuant to Plaintiff's Amended Complaint, no relief can be granted under the facts contained therein. Therefore, for the reasons set forth above, Plaintiff failed to establish that the motion to dismiss should not be granted. Furthermore, in light of this Court's holding with respect to the motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6), Defendants' motion to dismiss Plaintiff's Complaint for failure to provide discovery pursuant to FED. R. CIV. P. 37 (1) is moot.

**IV.**     CONCLUSION

    For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.


                S/ Dennis M. Cavanaugh
                Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | October 1, 2007 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |